**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN MAURICE WRIGHT, JR. | : | |
| | : | |
| Appellant | : | No. 773 WDA 2025 |

Appeal from the Judgment of Sentence Entered May 1, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000216-2025

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN MAURICE WRIGHT JR. | : | |
| | : | |
| Appellant | : | No. 1145 WDA 2025 |

Appeal from the Judgment of Sentence Entered May 1, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002098-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN MAURICE WRIGHT JR. | : | |
| | : | |
| Appellant | : | No. 1146 WDA 2025 |

Appeal from the Judgment of Sentence Entered May 1, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001354-2023

J-S19033-26

MEMORANDUM BY STEVENS, P.J.E.:　　　　　**FILED: August 11, 2026**

Kevin Maurice Wright, Jr. appeals from the judgment of sentence entered in the Court of Common Pleas of Blair County after the trial court, sitting as finder of fact, convicted him of, *inter alia*, two counts of persons not to possess firearms.[1]  Following careful review, we affirm.

In June of 2023, Mr. Wright's then-paramour, G.B., filed a domestic abuse report alleging that he physically assaulted her in their residence.  N.T., 2/10/25, at 2, 8-11, 25-26.  The Altoona Police Department arrested him on a charge of simple assault and, acting upon G.B.'s information and consent, searched the couple's residence.  During the search, G.B. directed police to a large, heavy safe located in the hallway outside the couple's bedroom, and they recovered two firearms stored inside it.  N.T. at 2, 12.

At Wright's bench trial,[2] the Commonwealth presented expert witnesses whose testimonies, in the aggregate, established that the firearms were in working order.  To prove that Wright possessed the household firearms, the Commonwealth relied on the testimony of G.B., who alleged that she and

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] The Commonwealth charged Wright with two counts of persons not to possess firearms, *supra*, one count of intimidation of witness or victim, 18 Pa.C.S. § 4952(a)(1), and one count each of terroristic threats, 18 Pa.C.S. § 2706(a)(1), simple assault, 18 Pa.C.S. § 2701(a)(1), and harassment 18 Pa.C.S. § 1709(a)(1).

Wright were the only residents of the home and that he, alone, held the key to the safe in which the firearms were kept.

On February 14, 2025, the trial court found Mr. Wright guilty on both counts of persons not to possess,[3] and he was sentenced on May 1, 2025, to an aggregate sentence of six to twelve years' incarceration. This timely appeal follows.

Mr. Wright raises the following question for this Court's review:

> Whether the Trial Court erred in finding Mr. Wright guilty of the two (2) counts of Possession of Firearm Prohibited at CP-07-CR-2098-2023 where the evidence adduced at trial was insufficient to prove every element of the offenses charged beyond a reasonable doubt. . . [with specific reference to the element of possession, where the Commonwealth proved neither actual possession nor constructive possession].

Appellant's "Statement of Questions Involved," Brief of Appellant, at 5.[4]

"Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Johnson**, 236 A.3d 1141, 1152 (Pa. Super. 2020) (*en banc*) (citation omitted). When reviewing a challenge to the sufficiency of the evidence, we must determine whether, when viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence presented at trial and all

_____

[3] The trial court also found Wright guilty on the single count of simple assault, and it found him not guilty on the remaining charges.

[4] We paraphrase Appellant's concise statement, as indicated by our use of brackets, for clarity.

reasonable inferences derived from the evidence were sufficient to establish [each element] of the offense beyond a reasonable doubt. *Id*.

The Commonwealth may sustain its burden entirely by circumstantial evidence. ***Commonwealth v. Ramtahal***, 33 A.3d 602, 607 (Pa. 2011). Moreover, the finder of fact, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part or none of the evidence. ***See Commonwealth v. McIntyre***, 333 A.3d 417, 432 (Pa. Super. 2025). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Commonwealth v. Mead***, 326 A.3d 1006, 1012 (Pa. Super. 2024) (citation omitted).

The Crimes Code defines the offense of Persons not to Possess Firearms, in relevant part, as follows:

> **§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**
>
> **(a) Offense defined.—**
>
>> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence **or whose conduct meets the criteria in subsection (c)** shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

>  * * *
>
> **(a.1) Penalty.—**
>
> (1) Except as provided under paragraph (1.1), a person convicted of a felony enumerated under subsection (b) or a felony under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute of any other state, who violates subsection (a) commits a felony of the second degree.
>
>  * * *
>
> **(c) Other persons.—**In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):
>
>  * * *
>
> **(2)** A person who has been convicted of an offense under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, that may be punishable by a term of imprisonment exceeding two years.

18 Pa.C.S.A. § 6105(a)(1), (a.1)(1), (c)(2) (emphasis added).

Mr. Wright contends that the Commonwealth failed to prove he was in possession of the firearms recovered from a safe in his home. To sustain a conviction for possession of firearm prohibited under Section 6105(a)(1), "the Commonwealth must prove beyond a reasonable doubt that the defendant [(1)] possessed a firearm and [(2) was previously] convicted of an enumerated offense that prohibits him from possessing ... a firearm."

- 5 -

***Commonwealth v. Batty***, 169 A.3d 70, 76 (Pa. Super. 2017) (citation omitted).[5] The Crimes Code defines the term "possession" as "an act, within the meaning of this section, if the possessor knowingly procured or received the thing possessed or was aware of his control thereof for a sufficient period to have been able to terminate his possession." 18 Pa.C.S. § 301(c). The Commonwealth can establish the element of possession by proving actual possession, constructive possession, or joint constructive possession. ***Commonwealth v. Parrish***, 191 A.3d 31, 36 (Pa. Super. 2018).

Regarding the element of constructive possession, our Supreme Court has explained:

> Where possession is an element of the offense, the concept of constructive possession is a legal fiction used to prove the element although the individual was not in physical possession of the prohibited item. The evidence must show a nexus between the accused and the item sufficient to infer that the accused had the power and intent to exercise dominion and control over it. Dominion and control means the defendant had the ability to reduce the item to actual possession immediately, or was otherwise able to govern its use or disposition as if in physical possession. Mere presence or proximity to the contraband is not enough. Constructive possession can be established by inferences derived from the totality of the circumstances.

***Commonwealth v. Peters***, 218 A.3d 1206, 1209 (2019) (citations omitted).

---

[5] Blair County Detective Kimberly Sanders testified to Mr. Wright's prior Dauphin County conviction in 2015 for possession with the intent to deliver, which was offered to prove the element that he was ineligible to possess a firearm under Section 6105. N.T. at 27-34. We observe, *sua sponte*, that this Court has held Section 6105, as applied for such a reason, is constitutional. ***See Commonwealth v. Randolph***, 343 A.3d 1248 (Pa. Super. 2025) (upholding constitutionality of Section 6105 as applied to those "that pose a 'credible threat' to the safety of another. Drug traffickers fit that mold.").

Viewed in the light most favorable to the Commonwealth as the verdict winner, the Commonwealth's evidence proved beyond a reasonable doubt that Wright had the power and intent to exercise exclusive control over his safe and the guns stored inside. Specifically, G.B. testified that Mr. Wright and she had lived together alone, the safe located in their residence did not belong to her, and she had no access to the contents stored in the locked safe. N.T., 2/10/25, at 21-22. The only key to the safe was on Mr. Wright's keychain, which was always in his exclusive control prior to his arrest. N.T. at 11-12. Wright never opened the safe in her presence, but because she understood that the safe belonged to Mr. Wright and he possessed the only key to it, she concluded that whatever was inside the safe belonged to him. N.T. at 21-22, 23.

Officer Jeffrey Barr of the Tyrone Borough Police Department testified that on June 28, 2023, he and other police officers reported to the residence of Wright and G.B. to serve a search warrant. N.T., 12/30/2024, at 20-21. He explained that after Wright's incarceration G.B. had access to the key to the gun safe and was able to provide the officers with it. N.T. at 22. The officer used the key to open the safe and recovered two firearms—a long gun AR with twenty rounds inside a magazine along with one in the chamber, and a handgun with one round in the chamber and a magazine containing nine rounds. N.T. at 23-24.

Our review of this record leads us to conclude that the Commonwealth's evidence, accepted as true by the trial court sitting as finder of fact and

assessing the credibility of all witnesses, was sufficient to prove beyond a reasonable doubt that Mr. Wright exercised exclusive control and dominion over the gun safe and the firearms stored inside it. Accordingly, Mr. Wright's claim that the Commonwealth failed to prove the possession element to the two offenses of Persons Not to Possess Firearms with which he was charged and convicted, fails.

Judgment of sentence is AFFIRMED.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

8/11/2026